IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BARBARA JOHNSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 24-00174-CV-W-BP |
| ) | |
| GOVERNOR MICHAEL L. PARSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER DIRECTING PLAINTIFFS TO FILE REPLY SUGGESTIONS SUPPORTING THEIR MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Pending is Plaintiffs' Motion for Leave to File Second Amended Complaint. Some Defendants opposed the Motion, but Plaintiffs did not file Reply Suggestions. Plaintiffs are directed to file Reply Suggestions addressing Defendants' arguments and explaining why the claims they wish to add are not futile.

## I. BACKGROUND

Plaintiffs filed this suit in March 2024. In May—before Defendants filed Answers or otherwise responded to the Complaint—Plaintiffs exercised their right to file an Amended Complaint as permitted by Rule 15(a)(1) of the Federal Rules of Civil Procedure. (Doc. 11.) The Amended Complaint describes itself as challenging the constitutionality of Chapter 84 of the Revised Missouri Statutes, which grants the State of Missouri control over the Kansas City Police Department (the "KCPD"), (*see* Doc. 11, ¶¶ 1-7), and it presents two claims. Count I alleges Chapter 84 was "enacted with a discriminatory purpose" and violates the Fourteenth Amendment because it "singles out the largest Black population within the State of Missouri for policing in an unparalleled, unaccountable, and overly intrusive manner under the authority of the State." (Doc. 11, ¶¶ 82-83.) Count II alleges that Chapter 84 violates Title VI of the Civil Rights Act, 42 U.S.C.

§ 2000d, because the KCPD's operations discriminate against Black individuals. (Doc. 11, ¶¶ 89-93.)

The Defendants named in the Amended Complaint fall into two groups. One group (the "State Defendants") consists of Missouri's Governor, Attorney General, and Secretary of State, all of whom are named in their official capacities. (*See* Doc. 11, ¶¶ 14-16.) The other group (the "Board Members") consists of the Board of Police Commissioners and its members, who are also sued in their official capacities. (*See* Doc. 11, ¶ 18.)[1]

Plaintiffs propose adding an additional Defendant: KCPD's Chief of Police, whom Plaintiffs intend to name in her individual and official capacities. The Second Amended Complaint would also expand the claims against the State Defendants and the Board Members to include individual capacity claims. Finally, Plaintiffs propose adding six new claims based on their discovery "that the process of enacting . . . Chapter 84 . . . in 1939 was unconstitutional. Therefore, the unconstitutional process that led to the enactment of Chapter 84 renders Chapter 84 void and null as if it never existed." (Doc. 29, p. 1.) Review of the proposed Second Amended Complaint confirms that the new claims are predicated on Plaintiffs' assertion that Chapter 84 is void because the manner in which it passed violated the *Missouri* Constitution, not the United States Constitution. (*See, e.g.*, Doc. 28-1, ¶¶ 49-67.)

The Board Members indicate they will not formally oppose Plaintiff's Motion but reserve the right to file a Motion to Dismiss if the Second Amended Complaint is filed. (Doc. 39.) The State Defendants oppose the filing of the Second Amended Complaint. But, as indicated earlier, Plaintiffs did not file Reply Suggestions.

---

[1] The Board of Police Commissioners itself is not an entity capable of being sued; it can only be sued by naming its members in their official capacities (as Plaintiffs have done here). *E.g.*, *Henley v. Brown*, 2013 WL 12216091, at *7 n.5 (W.D. Mo. June 20, 2013).

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) directs that the Court "should freely give leave" to amend the pleadings "when justice so requires." However, "[a] district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1053, 1065 (8th Cir. 2005) (quotations omitted); *see also Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1068-69 (8th Cir. 2004).

The State Defendants argue that allowing the Second Amended Complaint to be filed is futile.[2] To say that a proposed amendment is futile "means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure . . . ." *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008); *see also Ascente Bus. Consulting, LLC v. DR myCommerce*, 9 F.4th 839, 844 (8th Cir. 2021). This means the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiffs." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

---

[2] The State Defendants also contend Plaintiffs' Motion is untimely or the product of undue delay, but the Court disagrees. The parties jointly agreed that August 31, 2024, would be the deadline for seeking leave to amend pleadings and add parties, (Doc. 31, p. 1), and these deadlines were incorporated in the Court's Scheduling and Trial Order. (Doc. 35, ¶¶ 4-5.) Plaintiffs filed their Motion well before that deadline, making it timely. To the extent the State Defendants are concerned Plaintiffs "have seen the arguments they would be up against if they were to respond to the Defendants' motions to dismiss," (Doc. 40, p. 1), the Court further observes that if Plaintiffs had not already taken advantage of their "free" opportunity to file an Amended Complaint before the Motions to Dismiss were filed, they could have automatically filed a new pleading in response to Defendants' Motions to Dismiss. Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs' knowledge of Defendants' arguments is not a reason to deny leave to amend.

556 U.S. 662, 678 (2009); *see also Horras v. American Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.

Counts I and VI in the Second Amended Complaint restate the claims originally contained in the Amended Complaint. As Plaintiffs represented, the Second Amended Complaint's remaining claims (some of which appear redundant) are based on Plaintiffs' allegation that Chapter 84 was passed in a manner that did not comply with the Missouri Constitution. Five of those new claims (Counts II, III, IV, V, and VII) assert that Plaintiffs federal constitutional rights have been violated because Chapter 84's passage violates the Missouri Constitution. Count VIII alleges that because the Board's creation was invalid under state law and the KCPD does not technically exist, its actions violate the Racketeer Influenced and Corrupt Organizations Act, ("RICO"), 18 U.S.C. §§ 1961-1968. And, as stated earlier, Plaintiffs also seek to (1) add the Chief of Police and (2) amend all their claims to include individual capacity claims. Plaintiffs must file Reply Suggestions that further explains why these amendments are not futile.

### A.  The Constitutional Claims

First, it is not clear that Plaintiffs have standing to assert some, if not all, of the proposed constitutional claims.

> To seek injunctive relief, a plaintiff must show that [s]he is under threat of suffering "injury in fact" that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.

*Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). To be particularized, the injury must affect the plaintiff personally. *E.g.*, *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339-40 (2016); *Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 581 (1992). Plaintiffs do not have generalized standing to enjoin what they perceive to be a violation of law, *e.g.*, *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (quoting *Lujan*, 504 U.S. at 573-74), and "[a] taxpayer whose tax money is used in a discriminatory manner suffers no injury under the Equal Protection Clause unless and until an expenditure facilitates discrimination against him or her." *Booth v. Hvass*, 302 F.3d 849, 854 (8th Cir. 2002).[3] Plaintiffs bear the burden of demonstrating that they have standing, *e.g.*, *Spokeo*, 578 U.S. at 338.

With respect to the constitutional claims' legal viability, numerous cases establish that a violation of state law does not itself constitute a violation of the United States Constitution, *e.g.*, *Snowden v. Hughes*, 321 U.S. 1, 11 (1944); *Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir. 1993); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Alexander v. Peffer*, 993 F.2d 1348, 1349 (8th Cir. 1993), and it is questionable whether the new constitutional claims are viable under this principle. For instance, Count II alleges that "[d]espite knowing Chapter 84 was unconstitutional, the State knowingly authorized the" Board to operate the KCPD, (Doc. 28-1, ¶ 146), and thereby violated the Fourteenth Amendment. Count III similarly alleges that the failure to follow the Missouri Constitution in passing (and eventually implementing) Chapter 84 violates Plaintiffs' rights under the Fourteenth Amendment. Count IV alleges that because Chapter 84 is invalid under the Missouri Constitution, "Defendants['] continued control and spending of Plaintiffs' municipal tax dollars violates Plaintiffs' procedural due process rights as Defendants failed to give Plaintiffs notice or any opportunity to be heard." (Doc. 28-1, ¶ 173). Finally, Counts V and VII alleges that every action taken by the KCPD is unconstitutional because Chapter 84 is invalid under the

---

[3] One of the Plaintiffs is Metro Organization of Racial and Economic Equality, Inc. ("MORE"), which is a "nonprofit racial justice and civil rights organization" in Kansas City. (Doc. 28-1, ¶ 14.) To have standing, MORE must (at a minimum) identify a member who has standing. *See Summers*, 555 U.S. at 495-99.

Missouri Constitution. Thus, it appears that Counts II, III, IV, V, and VII all claim Plaintiffs' rights under the U.S. Constitution were violated because passage of Chapter 84 did not comply with the Missouri Constitution. Plaintiffs must explain why these counts are viable in light of the authorities cited earlier in this paragraph.

### B. RICO

With respect to Count VIII, various requirements under RICO do not appear to be adequately pleaded. To prevail on a civil RICO claim, a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity," *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011), and a "plaintiff must, of course, allege each of these elements to state a claim." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). "Racketeering activity" is defined as the violation of specified state and federal criminal laws. *See* 18 U.S.C. § 1961(1). The Second Amended Complaint alleges Defendants "violated 18 U.S.C. §§ 1511, 1512, 1951, 1957, as well as [state laws] involving murder, kidnapping, robbery, bribery, and extortion." (Doc. 28-1, ¶ 204.) However, these are legal conclusions; no facts are offered to support them, and no deference is owed to them.[4] Moreover, to satisfy RICO's standing requirements, Plaintiffs must allege facts demonstrating a direct relationship between the predicate offenses and their injuries. *See Hemi Group, LLC v. City of New York*, 559 U.S. 1, 9 (2010); *Sedima*, 473 U.S. at 495-97. It is not clear how the Second Amended Complaint satisfies these requirements.

### C. The Proposed Addition of the Chief of Police and Individual Capacity Claims

Finally, Plaintiffs must explain why their addition of the Chief of Police and the individual capacity claims are not futile. First, the official capacity claim against the Chief of Police would be construed as a claim against the Board, *e.g.*, *Shaffer v. Beringer*, 842 F.3d 585, 596 (8th Cir.

---

[4] The Court will not discuss here the requirements for a "pattern" of racketeering activity, except to observe that a pattern must also be alleged. *See H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 241-43 (1989).

6

2016), but the Board is already a Defendant—making her addition unnecessary. Second, Plaintiffs only seek injunctive relief, and any injunctive relief must be obtained from Defendants in their official, not individual, capacities. Thus, it is not clear how the individual capacity claims would be viable.

### III. CONCLUSION

On or before September 25, 2024, Plaintiffs must file Reply Suggestions that addresses Defendants' opposition and the issues set forth above.

**IT IS SO ORDERED.**

DATE: September 11, 2024

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT